THE JAMES A. LAWRENCE.

(Circuit Court of Appeals, Second Circuit. May 12, 1913.)

No. 212.

COLLISION (§ 74*)—MOVING AND MOORED VESSELS—NEGLIGENT NAVIGATION.
    A finding that a tug was solely in fault for a collision with another tug, which was tied up at a bulkhead, affirmed.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 104; Dec. Dig. § 74.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by Richard J. Barrett, as owner of the tug Margaret A. Lenox, against the steam tug James A. Lawrence; Peter C. Gallagher, claimant. Decree for libelant, and claimant appeals. Affirmed.

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, holding the Lawrence solely in fault for a collision with libelant's tug Margaret A. Lenox.

Wallace, Butler & Brown, of New York City (James K. Symmers, of New York City, of counsel), for appellant.

Burlingham, Montgomery & Beecher, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The Lenox was tied up at the bulkhead outside Atlantic Basin, Brooklyn, head to the flood tide, the wind being strong from the southwest. The Lawrence approached, intending to make a landing at the same bulkhead, and did not see the Lenox until within about 100 feet of her. The master of the Lawrence then attempted to port his helm slightly, when, as he says, it was discovered that the wheel would not turn; the engines were reversed, but nevertheless the scow which he had in tow on the port side came into collision with the Lenox. The defense is that a strand of the wheel rope on the starboard side had broken and formed a knot, which jammed in the block, causing the wheel to stick and break the rope.

The District Judge wrote no opinion. He had before him practically the narratives of two men. The captain of the Lawrence described the stranding and breaking of the rope under circumstances which would indicate he was in no fault. His story is somewhat discredited by the fact that immediately after the accident, talking it over with the captain of the Lenox, he admitted that he was in fault and made no mention of the broken rope, as an excuse for what must have seemed to the captain of the Lenox very extraordinary navigation.

The captain of the latter vessel testified that, after the time when it is asserted the rope broke, he observed the Lawrence backing with her wheel revolving back and forth from side to side, which it would not be likely to do if one of the rudder ropes had parted. He also said that after the collision the Lawrence backed and went down alongside of the dock. It is difficult to see how she could have been thus navigated if her master had no helm control. The District Judge saw and heard these two witnesses, and has credited the one and not the other. We do not find in the record sufficient to induce us to reverse his finding.

The decree is affirmed, with interest, but, because of the libelant's delay of over four years in bringing action, with half costs only of this court.